GAYNON v. DURKEE.

(Circuit Court of Appeals, Fifth Circuit.    March 1, 1898.)

No. 621.

FELLOW SERVANTS—WHO ARE.
    The foreman of a railway machine shop, with authority to give orders to the men working in his department, is the fellow servant of one of the men, there being a master mechanic over both, with authority to hire and discharge.[1]

In Error to the Circuit Court of the United States for the Southern District of Florida.

The plaintiff in error brought this suit against the defendant in error to recover damages for personal injuries received while in the employ of the defendant. The plaintiff in his declaration alleges, substantially, that on the 14th day of July, 1893, plaintiff was in the employ of the defendant, and was ordered, instructed, and required by one Kern, who was an employé of the defendant, and who was the general foreman of the defendant's shops in Palatka, and under whom the plaintiff worked, and whose orders and instructions the plaintiff was required to obey, to mark a leak in the boiler or tubes of a certain locomotive in the control and use of the defendant, said locomotive having steam generated therein, and the plaintiff entered the smoke box of said locomotive for the purpose of marking said leak; that said Kern was aware that the plaintiff had entered said smoke box, and that it was the duty of the defendant to provide a reasonably safe place for the plaintiff to work, and keep the same reasonably safe while the plaintiff was working; that defendant knew it was necessary while plaintiff was in said smoke box to keep the throttles and valves of said locomotive closed, so as to prevent the steam from entering the smoke box, but the defendant recklessly, negligently, and carelessly omitted and neglected to keep said smoke box reasonably safe, and that while plaintiff was in said smoke box the said Kern, or some other person to plaintiff unknown, recklessly, carelessly, and negligently opened the throttles and valves of said locomotive, whereby the steam in said locomotive entered the smoke box, inflicting great injury upon the plaintiff. To this declaration defendant interposed a demurrer, which was overruled by the court: whereupon defendant filed the general issue plea of not guilty, and a further plea of contributory negligence. A trial of the cause was had upon issue joined on these pleas.

The facts in this case, as shown by the testimony, briefly stated, are as follows: The plaintiff in error was employed by the defendant as a boiler maker in the railway shops situated in Palatka, Fla. These shops were the general repair shops of the railway company, and such work was

---

[1] As to who are fellow servants, see an elaborate note to Railroad Co. v. Smith, 8 C. C. A. 668, and supplementary note to Railway Co. v. Johnston, 9 C. C. A. 596.

done in them as is usually done in the railway shops of like character. The shops were under the direct supervision and control of a master mechanic, whose office was at these shops. Mr. Rutherford, the master mechanic, employed the plaintiff and set him to work in the shops. The plaintiff was working under a foreman, also employed by defendant,—a Mr. Kern,—whose orders plaintiff was required to obey. The plaintiff in his testimony styles this man a "general foreman," but the testimony does not disclose the significance of the term "general." The testimony does show that there were other foremen employed in these shops,—a foreman of the carpenter shop and a foreman of the paint shop. The plaintiff was injured on July 14, 1893, while in the employ of the defendant. For about two weeks prior to his injury the plaintiff had been working upon a certain engine, No. 23, which was in the shops being extensively repaired. The plaintiff had put a new set of tubes in this engine, and had done considerable other work upon her. The plaintiff tested these tubes the day before with a cold-water test. On the morning of his injury this engine was fired up for the purpose of making a further test of these tubes, and one was found to be leaking. The plaintiff was sent for, and told by the foreman, Kern, that the tube was leaking. and that he had better mark it; whereupon the plaintiff entered the smoke box of the engine to mark the leaking tube. While the plaintiff was in the smoke box, Kern, the foreman, negligently opened, or caused to be opened, the valves and throttle of the engine, which allowed the steam to rush into the smoke box, whereby the plaintiff was badly scalded. The engine was hot, and had steam on, when the plaintiff entered the smoke box, but it was perfectly safe for plaintiff to enter, and would have remained safe but for the negligent act of Kern.

When the plaintiff closed his case the defendant demurred to the evidence, and the court sustained the demurrer in the following language: "I think the law upon this point is this: It is the duty of the employer, the principal, to furnish a safe place for his employés,—safe tools and appliances and surroundings,—and, if there is any presumption or good reasons to believe that there is any deficiency in those appliances or in the safety of that place, it is the duty of the principal to see that that is guarded or is watched and kept safe; but unless there is some good reason to believe that there is an innate danger, that there is a necessary presumption of danger, attending the condition of the place or the condition of the appliances, and if that danger only arises from the positive acts of some one else which cannot be anticipated and cannot be guarded against, I cannot see nor consider that it is the duty of the principal to have a plant watched or a supervision of such condition or appliances. Unless there is some good ground to believe that a watch or a general supervision is necessary for the preservation and protection of the employé, I do not consider that the employer can be held liable for any act of a fellow servant which cannot be anticipated nor which could not be presumed. That is what I consider to be the generally accepted principle of law. I consider that to be the principle of the law laid down in all of the cases which have been cited here and referred to. In the case where the party was injured by the raising or lowering of the cargo of a vessel through the hatchway, there was the constant anticipation of more or less danger that was not provided against. In the case of fire damp (Gowen v. Bush, 22 C. C. A. 196, 76 Fed. 349), there was such a constant apprehension of accumulation of fire damp, it is true, that a party was appointed for that purpose. In this case the testimony does not satisfy me that there was any reasonable presumption of danger arising from the party going into that locomotive. unless by some positive affirmative action of some party, and that the party in charge at that time, or the principal had he been present, could have had any good reason to have appointed a person whose special duty it was to see that that place was kept perfectly safe. In the case of Railway Co. v. Pool, 160 U. S. 438, 16 Sup. Ct. 338, where a party was at work under a car, which was certainly a dangerous position, he was injured by the negligence of a fellow servant in making that place dangerous; and yet the supreme court reversed the case which permitted it to go to a jury, and the jury to pass upon it, and held that the case should not have been submitted to the jury. The case was reversed and sent back.

I would be very glad, indeed, if I could see any question of fact in this case, to submit the case to the jury; but the evidence, in my opinion, shows that the injury was caused by the positive affirmative action of a fellow servant. The question of whether or not Kern was a fellow servant is one of the difficult questions in this case; but I do not think the testimony shows that he had charge or supervision of any particular department of the operations of the road; but there was immediately over him a master mechanic, who employed and discharged employés, who supervised generally the repairing division of the road of the company. Looking at the case as I do, and as the facts I think have been determined by the testimony, I do not consider it is my privilege to submit the case, but to withdraw the case from the jury, and to direct a judgment for the defendant; which is so ordered."

Alex. St. Clair-Abrams, for plaintiff in error.
E. P. Axtell, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PER CURIAM. The judgment of the circuit court is affirmed on the authority of Railroad Co. v. Charless, 162 U. S. 329, 16 Sup. Ct. 848, and Mining Co. v. Whelan, 168 U. S. 86, 18 Sup. Ct. 40.